**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHRISTOPHER DIONNE,
      Appellant,

    v.

DEPARTMENT OF THE NAVY,
      Agency.

DOCKET NUMBERS
AT-0752-20-0151-I-1
AT-0752-20-0359-I-1

DATE: JULY 6, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher Dionne</u>, Millington, Tennessee, pro se.

<u>Carol M. Lynch</u>, Pensacola, Florida, for the agency.

<u>Marcus S. Lawrence, Jr.</u>, NAS Pensacola, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed petitions for review of two initial decisions, one of which was dismissed for lack of jurisdiction, and the other of which was dismissed as withdrawn based on the appellant's voluntary request for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

withdrawal. *Dionne v. Department of the Navy*, MSPB Docket No AT-0752-20-0359-I-1, Petition for Review (0359 PFR) File, Tab 1; *Dionne v. Department of the Navy*, MSPB Docket No. AT-0752-20-0151-I-1, Petition for Review (0151 PFR) File, Tab 1. For the reasons set forth below, we JOIN these appeals[2] and DISMISS the appellant's petitions for review as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2        The appellant is employed as a GS-12 Operations Research Analyst with the agency. *Dionne v. Department of the Navy*, MSPB Docket No. AT-0752-20-0151-I-1, Initial Appeal File (0151 IAF), Tab 5 at 42. By a letter dated October 8, 2019, the agency proposed to suspend the appellant's access to classified information and national security sensitive information systems, pending final adjudication of the eligibility determination by the Department of Defense Consolidated Adjudication Facility (DoDCAF). *Id.* at 39-40. In a letter dated October 9, 2019, the agency also proposed to indefinitely suspend the appellant based on the suspension of his access to classified information and national security sensitive information systems. *Id.* at 36-37. The notice informed the appellant that, if the decision to suspend him was reached, the suspension would remain in effect until a final eligibility determination by DoDCAF. *Id.* Effective that same day, the agency placed the appellant on paid administrative leave for 30 days. *Id.* at 33-34.

¶3        The appellant provided written and oral responses to the interim suspension notice. *Id.* at 24, 28-31. After considering the appellant's reply, by a letter dated

---

[2] Joinder of two or more appeals filed by the same appellant may be appropriate when joinder would expedite processing of the appeals and would not adversely affect the interests of the parties. *Boechler v. Department of the Interior*, 109 M.S.P.R. 542, ¶ 14 (2008), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009); 5 C.F.R. § 1201.36(a)(2), (b). We find that these appeals meet the regulatory criteria, and therefore, we join them.

October 31, 2019, the deciding official sustained the proposal, imposing the indefinite suspension, effective immediately. *Id.* at 21-22. The appellant timely filed a Board appeal challenging his indefinite suspension and requested a hearing. 0151 IAF, Tab 1. The appellant subsequently requested to withdraw his appeal, stating that he instead intended to challenge the suspension of access determination with DoDCAF or the Personnel Security Appeals Board. 0151 IAF, Tab 16. Based on the appellant's request, on March 9, 2020, the administrative judge issued an initial decision dismissing the appeal as withdrawn, concluding that the appellant's request was "clear, unequivocal, and decisive." 0151 IAF, Tab 17, Initial Decision (0151 ID) at 1-2.

¶4      On March 16, 2020, the appellant filed a separate Board appeal purportedly challenging his "suspension without cause," and identified May 9, 2019 as the effective date of the agency action. *Dionne v. Department of the Navy*, MSPB Docket No. AT-0752-20-0359-I-1, Initial Appeal File (0359 IAF), Tab 1. In response, the agency moved to dismiss the appeal for lack of jurisdiction, arguing that the appellant had not suffered an appealable adverse action, or in the alternative, that the appeal was untimely filed without good cause for the delay. 0359 IAF, Tab 5 at 6-8. Specifically, the agency noted that the appellant was placed on paid administrative leave for 10 days from May 13, 2019 through May 22, 2019, which the appellant incorrectly identified as a "suspension," and that the appellant did not file a Board appeal challenging the action until nearly 1 year later. *Id.* at 6. Because the appellant had not asserted that he was subject to an appealable adverse action, the agency argued that the Board should dismiss the appeal for lack of jurisdiction. *Id.* at 7. The appellant did not file a response to the agency's motion. In an initial decision dated May 15, 2020, the administrative judge dismissed the appeal, concluding that the appellant had not suffered an appealable adverse action when he was placed on administrative leave for 10 days, with pay, and so the Board lacked jurisdiction over the appeal. 0359 IAF, Tab 6, Initial Decision (0359 ID) at 1-3.

¶5      On October 1, 2020, the appellant filed a pleading with the regional office titled "Reopening an Appeal Dismissed Without Prejudice," challenging the merits of the agency's decision suspending his access to classified information and arguing that the agency violated his right to due process.  0151 PFR File, Tab 1; 0359 PFR File, Tab 1.  Because it was unclear whether the appellant intended his pleading as a petition for review of the 0359 appeal or the 0151 appeal, or both, the Office of the Clerk of the Board sought clarification of the intent of the appellant's filing.  0151 PFR File, Tab 2; 0359 PFR File, Tab 2.  The appellant filed a response clarifying that he intended his pleading as a petition for review of both appeals.  0151 PFR File, Tab 3; 0359 PFR File, Tab 3.  Consequently, the Clerk's Office issued an order acknowledging the appellant's October 1, 2020 filing as a petition for review of both initial decisions.  0151 PFR File, Tab 5; 0359 PFR File, Tab 4.  Because the pleading was received after the April 13, 2020 and June 19, 2020 initial decision finality dates, respectively, the Clerk's Office informed the appellant that his petitions for review were untimely and that he must submit a "Motion to Accept Filing as Timely or to Waive Time Limit" either by an affidavit or a statement signed under penalty of perjury.  0151 PFR File, Tab 5 at 2-3; 0359 PFR File, Tab 4 at 2-3.  Blank sample motions were attached to both acknowledgment letters.  0151 PFR File, Tab 5 at 8-9; 0359 PFR File, Tab 4 at 8-9.  The acknowledgment letters further stated that the appellant's motions must be submitted on or before November 24, 2020.  0151 PFR File, Tab 5 at 3; 0359 PFR File, Tab 4 at 2.  The acknowledgment letters informed the appellant that he must show good cause for the Board to waive his untimeliness, and instructed him on how to do so.  0151 PFR File, Tab 5 at 2-3, 8; 0359 PFR File, Tab 4 at 2, 8.  The appellant did not file motions to accept his untimely petitions for review or to waive the time limit.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶6      A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). Here, the initial decisions stated that they would become final on April 13, 2020 and June 19, 2020, respectively, unless petitions for review were filed by those respective dates. *See* 0151 ID at 2; 0359 ID at 3. The appellant makes no allegation that he did not receive either of the initial decisions or that he received them more than 5 days after they were issued. The appellant's petitions for review were sent to the Atlanta Regional Office on October 1, 2020, and were referred to the Office of the Clerk of the Board on October 21, 2020. *See* 0151 PFR File, Tab 5 at 1; 0359 PFR File, Tab 4 at 1. Therefore, the appellant's petitions for review were filed over 5 months late and over 3 months late, respectively.

¶7      The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.113(d), 1201.114(f). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4. To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and the party's showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Id.*

¶8       We conclude that the appellant has failed to show good cause for a waiver of the filing deadline.  Even considering the appellant's pro se status, the appellant's minimum 3-month delay is not minimal.  *See Wright v. Department of the Treasury*, 113 M.S.P.R. 124, ¶ 8 (2010) (concluding that an 11-day delay is not minimal); *Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶¶ 8, 10 (2004) (declining to excuse a pro se appellant's 14-day, unexplained delay in filing a petition for review); *Crozier v. Department of Transportation*, 93 M.S.P.R. 438, ¶ 7 (2003) (noting that a 13-day delay in filing is not minimal).  Additionally, the appellant has not presented evidence of due diligence or the existence of circumstances beyond his control that affected his ability to file his petitions.  Further, despite being afforded the opportunity to do so, the appellant has not offered any explanation for his delay in filing.  Accordingly, we dismiss the petitions for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of these petitions for review.  The initial decisions remain the final decisions of the Board regarding the withdrawal of the appeal challenging his indefinite suspension (0151 appeal) and the appellant's challenge to his placement on paid administrative leave (0359 appeal).[3]

---

[3] In his petition for review the appellant also appears to argue that new and material evidence exists that warrant reopening his appeal.  *See* 0151 PFR File, Tab 1 at 4-6; 0359 PFR File, Tab 1 at 4-6.  Although the appellant has not provided copies of the documents he refers to with his petition for review, none of the documents he references are new or material and so we have not considered them.  *See Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009) (noting that under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it is both new and material).  The document identified as "CNRC Suspension of Access to Classified Material dated 8 Oct 2019," appears to refer to material already included in the record below, and thus is not new.  0151 IAF, Tab 5 at 39-40; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence that is already a part of the record is not new).  The document titled "A Report to the President and the Congress of the United States by the U.S. Merit Systems Protection Board May 2015," is dated to well before

# NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

the close of record in these cases, and therefore is not "new."  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (explaining that, under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence).  Finally, regarding the document titled "JG FOIA Email dated 25 Sep 2020," which appears to be a 286-page document the appellant may have received as a result of a Freedom of Information Act (FOIA) request, the appellant has not explained how the document is material, and therefore it does not warrant a different outcome in these appeals.  0151 PFR File, Tab 1 at 4-5; 0359 PFR File, Tab 1 at 4-5; *see Okello*, 112 M.S.P.R. 563, ¶ 10.  Specifically, the appellant has not explained how the document has any bearing on the voluntariness of his withdrawal in the 0151 appeal, or on the dispositive jurisdictional issue in the 0359 appeal.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.